**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Timiya Rashad Massey, Appellant.

Appellate Case No. 2017-002348

―――――――――――

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge,

―――――――――――

Unpublished Opinion No. 2020-UP-020
Submitted January 1, 2020 – Filed January 29, 2020

―――――――――――

**AFFIRMED**

―――――――――――

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Samuel E. Bailey, all of Columbia, for Respondent.

―――――――――――

**PER CURIAM:** Timiya Massey appeals his convictions for murder, attempted murder, first degree burglary, kidnapping, attempted armed robbery, and possession of a weapon during a violent crime. On appeal, Massey argues the trial court erred in refusing to allow him to question an alleged accomplice regarding his potential sentencing exposure. We affirm pursuant to Rule 220(b), SCACR and the following authorities: *State v. Mizzell*, 349 S.C. 326, 331, 563 S.E.2d 315, 317 (2002) ("The trial [court] retains discretion to impose reasonable limits on the scope of cross-examination."); *id.* ("Before a trial [court] may limit a criminal defendant's right to engage in cross-examination to show bias on the part of the witness, the record must clearly show the cross-examination is inappropriate."); *State v. Gracely*, 399 S.C. 363, 371, 731 S.E.2d 880, 884 (2012) ("[The appellate court] will not disturb a trial court's ruling concerning the scope of cross-examination of a witness to test his or her credibility, or to show possible bias or self-interest in testifying, absent a manifest abuse of discretion.").

**AFFIRMED.**[1]

**THOMAS, GEATHERS, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.